UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 15-3102 |
| | ) |
| JETTERY HIBBARD, indv. and d/b/a CEDAR CLUB, | ) |
| | ) |
| Defendant. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter is before the Court on Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment (d/e 18). For the reasons explained below, the Court awards the sum of $1,000 in statutory damages, no enhanced damages, and $2,278.50 in attorney's fees and costs. The Court therefore enters final judgment against Defendant Jettery Hibbard, individually and d/b/a Cedar Club, and in favor of Plaintiff in the total amount of $3,278.50.

# I. BACKGROUND

In September 2014, Plaintiff filed a Complaint in the Northern District of Illinois, Eastern Division, alleging that Defendant knowingly and willfully violated certain provisions of the Communications Act of 1934, as amended (47 U.S.C. § 605 et seq.) and the Cable and Television Consumer Protection and Competition Act of 1992, as amended (47 U.S. § 553 et seq. ). Specifically, Plaintiff alleged that Defendant unlawfully intercepted and exhibited "Ultimate Fighting Championship 167: Georges St-Pierre v. Johny Hendricks" (the Program) on November 16, 2013.

Defendant was served on October 1, 2014. See Return of Service (d/e 5). On January 14, 2015, the Honorable Robert W. Gettleman of the United States District Court for the Northern District of Illinois entered an order of default against Defendant. Minute Entry (d/e 7). On March 16, 2015, the court found that venue was improper in the Northern District of Illinois and transferred the case to the Central District of Illinois, where all the events giving rise to the claim occurred. See Order (d/e 15).

Because Defendant failed to appear, the allegations of Plaintiff's complaint are deemed admitted. See O'Rourke v.

Palisades Acquisition XVI, LLC, 635 F.3d 938, 940 (7th Cir. 2011). According to the allegations in the Complaint, Plaintiff is a commercial distributor of sporting events.  Compl. ¶ 16.  By contract, Plaintiff paid for and was granted the exclusive nationwide television distributions rights of the Program.  Compl. ¶ 14. Plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including within the State of Illinois.  Plaintiff granted those entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to patrons within their respective establishments.  Id. ¶ 15.

    Defendant is the owner, officer, director, shareholder, and/or principal of the Cedar Club in Quincy, Illinois.  Compl. ¶ 8. Defendant was an individual with supervisory capacity and control over the activities occurring within the Cedar Club on November 16, 2013, and he received a financial benefit from the operation of the Cedar Club on November 16, 2013.  Compl. ¶¶ 9, 10.

    Defendant, with full knowledge that the Program was not to be intercepted and exhibited by entities unauthorized to do so, did unlawfully publish, divulge, and exhibit the Program at the Cedar

Club.  Compl. ¶ 17.  Said unauthorized interception and exhibition was done willfully and for the purposes of direct or indirect commercial advantage or private financial gain. Id.

On August 13, 2015, Plaintiff filed a Motion for Default Judgment, which included a brief statement of the relevant law and supporting authorities upon which Plaintiff relies.[1]  Plaintiff supported the Motion with Affidavits and the Rate Card showing what Defendant would have had to pay had Defendant ordered the Program from Plaintiff. See Ex. B, C, D (d/e 18-2, 18-3, 18-4).

Plaintiff cannot recover under both § 553 and § 605 because those sections target two different types of piracy.  See United States v. Norris, 88 F. 3d 462, 469 (7th Cir. 1996) (finding "Congress intended for § 605 to apply to the unlawful interception of cable programming transmitted through the air, while it intended for § 553 to apply to the unlawful interception of cable programming while it is actually being transmitted over a cable

---

[1] Local Rule 7.1(B)(1) requires that "[e]very motion raising a question of law . . . must include a memorandum of law including a brief statement of the points or propositions of law and supporting authorities upon which the moving party relies, and identifying the Rule under which the motion is filed."  Plaintiff failed to file a separate memorandum of law.  However, because Plaintiff included the relevant information in the Motion, the Court will excuse Plaintiff's failure to strictly comply with the Rule.

system"); Joe Hand Promotions, Inc. v. Kaczmar, No. 08 C 2910, 2008 WL 4776365, at *2 (N.D. Ill. Oct. 29, 2008). Consequently, Plaintiff seeks judgment and statutory damages only under § 605. See J & J Sports Productions, Inc. v. Smith, No. 14 C 2955, 2014 WL 3811090, at *2 (N.D. Ill. July 31, 2014) (noting that while it was unclear at what point the alleged interception occurred—over a cable system or satellite broadcast—the plaintiff was deprived of the opportunity to conduct discovery because the defendant did not appear and, in any event, "the practical impact of which statute applies is nil"). Plaintiff seeks statutory damages of $3,400, enhanced damages of $5,000, and attorney's fees and costs of $2,878.50, for a total judgment of $11,278.50.

## II. ANALYSIS

Because Defendant failed to answer the Complaint, Defendant is deemed to have unlawfully intercepted the Program and shown the Program to the patrons of the Cedar Club. Joe Hand Promotions, Inc. v. Ewer, No. 09-C-612, 2009 WL 3269658, at *1 (E.D. Wis. Oct. 8, 2009). Defendant is also deemed to have done so willfully and for the purposes of commercial advantage or private financial gain. Id. Further, Defendant has forfeited his ability to

contest his personal liability for the violation alleged by Plaintiff because Defendant is deemed to have had the necessary supervisory control over the interception of the Program and received the financial benefit of the same. Id. at *2 (citing J & J Sports Productions, Inc. v. Ribeiro, 562 F. Supp. 2d 498, 501 (S.D. N.Y. 2008) (individual who was officer, director, shareholder, and/or principal of the corporation that operated the bar was liable in her individual capacity for the bar's unlawful interception and exhibition of pay-per-view boxing match, where the individual had supervisory control over interception and received a financial benefit therefrom)).

    Under § 605, a party may elect to recover: (1) actual damages suffered by him and any profits of the violator; or (2) statutory damages for each violation of not less than $1,000 or more than $10,000. 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff seeks statutory damages.

    In addition, in any case in which the Court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the Court may increase the award of damages by an amount of not more than

$100,000 for each violation of § 605(a). 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff is also entitled to attorney's fees. 47 U.S.C. § 605(e)(3)(B)(iii). The calculation of statutory and enhanced damages is within the Court's discretion. See Smith, 2014 WL 3811090, at *2; 47 U.S.C. § 605(e)(3)(C)(i)(II) (providing for statutory damages "as the court considers just"); 47 U.S.C. § 605(e)3)(C)(ii) (providing that for any violation committed willfully and for purposes of commercial advantage or private financial gain, the court may, in its discretion, increase the award of damages).

**A.  The Court Awards Plaintiff Statutory Damages in the amount of $1,000.**

Courts generally use one of two approaches to calculate statutory damages.[2] One approach is to award statutory damages based on the number of patrons in the establishment at the time of the unauthorized interception. J & J Sports Productions, Inc. v. Ithier, No. 09-C-1126, 2010 WL 2490674, at *1 (E.D. Wis. June 17, 2010). Many courts use a base figure of $55, while other courts use

---

[2] In one case, the United States District Court for the Southern District of Indiana did not apply either approach. J & J Sports Productions, Inc. v. Turrubiartes, No. 1:11-cv-1496, 2013 WL 3878740, at *2 (S.D.Ind. 2013) (awarded $5,000 statutory award based on the small size of the crowd, the absence of a cover charge, and the single television exhibiting the fight; the court did not award enhanced damages).

the rate the plaintiff charged residential customers to view the match, and multiply that figure by the number of patrons who watched the event in the establishment.  Compare J & J Sports Production v. Calderon, No. 09 C 7039, 2010 WL 3420153, at *3 (N.D. Ill. 2010) (calculating statutory damages by using the base figure of $55 multiplied by the number of patrons) with Time Warner Cable of N.Y.C. v. Googies Luncheonette, Inc., 77 F. Supp. 2d 485, 490 (S.D. N.Y. 1999) (using the approximate rate the plaintiff charged residential customers to view the match multiplied by each patron viewing the match at the defendant's establishment).

   The second approach is to award a flat sum based on the rate the provider charged establishments, which varies by the maximum occupancy ranges of the establishments.  Ithier, 2010 WL 2490674, at *1; see also J & J Sports Productions, Inc. v. Estrada, No. 14 C 2518, 2014 WL 2609751, at *3 (N.D. Ill. 2014) (statutory damages based on the amount the defendant would have paid to order the program).  Some courts apply a multiplier to that calculation.  See J & J Sports Productions, Inc. v. Carranza, No. 1:13-cv-01467, 2015 WL 1417894, at *5 (S.D. Ind. March 27, 2015) (statutory

damages of twice the amount defendant would have paid to obtain the program legally). It has been noted that "[w]hen the number of patrons at a defendant's establishment is known, most courts award damages under [Section] 605 based on the number of patrons." J & J Sports Productions, Inc. v. Aguilera, No. 09-CV-4719, 2010 WL 2362189, at *2 (N.D. Ill. June 11, 2010) (quoting J & J Sports Production, Inc. v Ramirez, No. 08 C 3354, Minute Entry Order at 1-2 (N.D. Ill. Sept. 18, 2008) (citing cases and basing award on baseline of $55 per patron).

In this case, Plaintiff submitted the Affidavit of its Investigator, who reported that she counted the number of patrons three separate times on the night the Program was broadcast. Aff. of Alexandria Gunn, Ex. B (d/e 18-2). The head counts were 20, 28, and 37. Id. Based on the capacity of the establishment, which was 70 people, Defendant would have paid $850 had he ordered the Program. See Id.; Rate Card, Ex. C (d/e 18-3).

Plaintiff asks the Court to award statutory damages not based on the number of patrons but on the amount Defendant would have paid if he had ordered the Program ($850) multiplied by four, for

total statutory damages of $3,400.  Mot. at ¶ 26; see also Rate Card, Ex. C (d/e 18-3).

After reviewing the affidavit and exhibits in this case, this Court concludes that an award based upon the amount Plaintiff would have charged Defendant for the Program ($850) is the sensible approach.  Because the minimum amount of statutory damages the Court can award is $1,000, the Court awards $1,000 in statutory damages.

**B.    The Court Awards Plaintiff No Enhanced Damages**

Plaintiff asks for enhanced damages of $5,000 as a deterrence factor.

The Court may, in its discretion, award enhanced damages if the Court finds "that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).  When considering enhanced damages, courts consider several factors, including the following:  (1) the number of violations; (2) the defendant's unlawful monetary gains; (3) the plaintiff's significant actual damages; (4) whether the defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event.  J & J

Sports Productions, Inc. v. Tu, No. 08 C 4119, 2008 WL 4833116, at *2 (N.D. Ill. Oct. 29, 2008). "Courts also consider the deterrent effect of the award, with an eye toward imposing an award that is substantial enough to discourage future lawless conduct, but not so severe that it seriously impairs the viability of the defendant's business (at least for a first offense)." Aguilera, 2010 WL 2362189, at *3.

The Court, in its discretion, finds that enhanced damages are not warranted. Certainly, by failing to appear and file an answer, Defendant has admitted the allegations of the Complaint, which include the allegation that Defendant's conduct was willful and for the purposes of direct or indirect commercial advantage or private financial gain. Compl. ¶¶ 17. However, the record before the Court does not establish that Defendant is a repeat offender, that Defendant charged a cover fee, or that Defendant advertised the event. Moreover, the size of the crowd was not large, and Defendant likely made little profit. Finally, the Court believes the statutory damages will be a sufficient deterrent. See J & J Sports Productions, Inc. v. The Old School Way, LLC, No. 15-C-449, 2015 WL 4623598, at *2 (E.D. Wis. July 30, 2015 (finding that, even if

the court inferred that the defendant's actions were for purposes of commercial advantage of private financial gain, the award of statutory damages and costs was a sufficient deterrent); J & J Sports Productions, Inc. v. Turrubiartes, No. 1:11-cv-1496, 2013 WL 3878740, at *2 (S.D. Ind. July 26, 2013) (finding that enhanced statutory damages were inappropriate because, even if the conduct was willful, there was no evidence the fight was publicized to attract patrons or that the establishment was a repeat offender). Therefore, the Court will not award enhanced damages.

**C.    The Court Awards Attorney's Fees in the Amount of $2,278.50.**

Plaintiff also requests attorney's fees and costs in the amount of $2,878.50. Attorney Andre Ordeanu of the law firm of Zane D. Smith & Associates, Ltd. filed an Affidavit in support of fees. See Exhibit D (d/e 18-4). The Affidavit indicates that Attorney Ordeanu spent 6 hours of time at a rate of $400 per hour. A paralegal spent .5 hours at $75 per hour. Expenses included the filing fee of $400 and service of summons expense of $41.

An award of reasonable attorney's fees is mandatory if the plaintiff prevails on its claim under 47 U.S.C. § 605(a). Joe Hand

Promotions, Inc. v. That Place, LLC, 11-CV-931, 2012 WL 2525653, at *5 (E.D. Wis. June 29, 2012).  Reasonable fees are generally calculated by multiplying the number of hours reasonably expended by a reasonably hourly rate.  Id.  A reasonable hourly rate is one that is "'derived from the market rate for the services rendered.'"  Pickett v. Sheridan Health Care Ctr., 664 F.3d 632, 640 (quoting Denius v. Dunlap, 330 F. 3d 919, 930 (7th Cir. 2003)).  The applicant seeking fees bears the burden of showing that the rates are in line with the rates in the community.  Pickett, 664 F.3d at 640.  If the fee applicant does not satisfy his burden, this Court may make its own determination of a reasonable rate.  Id.

In this case, Attorney Ordeanu has not met his burden of showing that his rates are in line with the rates in the community.  Therefore, this Court makes its own determination of a reasonable rate.  Based on this Court's experience and knowledge of local billing practices, the Court sets the rate at $300 per hour.  The paralegal charge and court costs are both reasonable.  Therefore, the Court awards fees in the amount of $1,837.50 and costs in the amount of $441.

## III. CONCLUSION

THEREFORE, Plaintiff's Motion (d/e 18) is GRANTED.  It is ordered that judgment be entered in favor of Plaintiff and against Defendant Jettery Hibbard, individually and d/b/a Cedar Club, in the total amount of $3,278.50.  THIS CASE IS CLOSED.

ENTERED:  September 8, 2015

FOR THE COURT:

                             s/ Sue E. Myerscough
                             SUE E. MYERSCOUGH
                     UNITED STATES DISTRICT JUDGE